UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JENNIFER CARE,

          Plaintiff,

v.

Case No. 6:24-cv-00255-PGB-EJK

NORTH AMERICAN CREDIT
SERVICES, INC.,

          Defendant.

_____/

**PLAINTIFF'S MOTION IN LIMINE**

**1. Motion in Limine to Exclude Reference to Attorneys' Fees**

Plaintiff, Jennifer Care, moves the Court for an Order that Defendant, North American Credit Services, Inc., its witnesses, and its attorneys shall not reference, suggestion or mention, within the hearing of the jury, the availability of an award of attorneys' fees to Plaintiff should he succeed in this litigation.

FDCPA Defendants often claim that the Plaintiff's attorney's fee recovery is the "engine running this suit." *LeForge v. Feiwell & Hannoy, P.C.*, 2014 WL 6066044, at *2 (S.D. Ind. Nov. 13, 2014). Such a claim is contrary to the intent of Congress that the FDCPA be enforced by private attorneys rather than overburdened public servants and, moreover, discredits counsels motives. *Id.*; *see also Graziano v. Harrison*, 950 F.2d 107. 113-14 (3d Cir. 1991) (FDCPA "mandates an award of attorney's fee as a means of fulfilling Congress' intent that the Act should be

enforced by debtors acting as private attorneys general"). In any case, it is completely within Defendants' power to keep Plaintiffs' fee to a minimum. Defendants here have mounted a stalwart defense with full awareness that they are exposing their clients to a higher award of fees by doing so. *McGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981). They cannot be heard to complain when this comes to pass. "The determination of attorney's fees is a question for the judge, not the jury." *Delta T, LLC v. Dan's Fan City, Inc.,* 2021 WL 2159889, at *6 (M.D. Fla. May 27, 2021).

WHEREFORE, a Motion in Limine should be granted directing Defendant North American Credit Services, Inc., its witnesses and attorneys not to reference, suggest or mention, within the hearing of the jury, the availability of an award of attorney's fees to Plaintiff Jennifer Crawford.

**2. Motion in Limine to Exclude Reference to Alleged Policies and Procedures of Non-Party AdventHealth.**

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. *Cabrera v. Haims Motors, Inc.*, No. 17-CV-60500, 2018 WL 2006849, at *1 (S.D. Fla. Jan. 30, 2018).

A debt collector asserting the bona fide error defense must show by a

2

preponderance of the evidence that its violation of the Act: (1) was not intentional; (2) was a bona fide error; and (3) **occurred despite the maintenance of procedures reasonably adapted to avoid any such error**. The failure to meet any one of those three requirements is fatal to the defense. *Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1352–53 (11th Cir. 2009) (citation omitted) (emphasis added).

A debt collector does not fulfill this affirmative obligation by delegating it entirely to its creditor clients, whose actions are not even regulated by the FDCPA. *See* 15 U.S.C. § 1692k(a) (subjecting *debt collectors* to civil liability for FDCPA violations); *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1275 (11th Cir. 2011) ("Employing a one-time form contract with AAA four years prior and blindly relying on creditors to send only valid debts is a procedure, but it is not one reasonably adapted to avoid the type of erroneous interest charges at issue here.").

Because AdventHealth's procedures are not the debt collector's procedures to avoid the violation at issue, evidence of AdventHealth's procedures is irrelevant to establish Defendant's bona fide's defense, or any other defense Defendant may assert.

Further, even if this evidence were relevant, allowing the introduction of policies and procedures of AdventHealth and allowing Defendant to mischaracterize them as its own would certainly confuse the issues and obfuscate the fact that Defendant has no policies of its own, thereby misleading the jury. *See, e.g.*, *Sabal Trail Transmission, LLC v. Lasseter*, 823 F. App'x 914, 919 (11th Cir. 2020) ("The district court did not abuse its discretion in excluding this testimony, which had minimal probative

value and a high risk of prejudice.").

WHEREFORE, a Motion in Limine should be granted directing Defendant North American Credit Services, Inc., its witnesses and attorneys not to reference, suggest or mention, within the hearing of the jury, any policies and procedures of AdventHealth in support of its own bona fide error defense.

### Certificate of Compliance with Local Rule 7.1(a)(3)

The undersigned certifies that he has conferred with all parties or nonparties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the Motion. Counsel for Defendant has advised that they DO oppose the relief requested in this motion.

Respectfully submitted,

| | |
|---|---|
| Paul A. Herman, Esq.<br>Consumer Advocates Law Group PLLC<br>4801 Linton Blvd Ste 11A-560<br>Delray Beach, FL 33445-6503<br>Phone: (561) 236-8851<br>Fax: (561) 431-2352<br>paul@consumeradvocatelaw.com | s/ Scott D. Owens<br>Scott D. Owens, Esq.<br>SCOTT D. OWENS, P.A.<br>3800 S. Ocean Dr., Ste. 235<br>Hollywood, FL 33019<br>Phone: 954-589-0588<br>Fax: 954-337-0666<br>scott@scottdowens.com |

Thomas Patti, Esq.
E-mail: Tom@pz1g.legal
Victor Zabaleta, Esq.
E-mail: Victor@pz1g.legal
Patti Zabaleta Law Group
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone: 561-542-8550

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Respectfully submitted,

    s/ Scott D. Owens
    Scott D. Owens, Esq.